AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

~~SOUTHERN DISTRICT OF MISSISSIPPI~~

**FILED**

FEB 19 2026

ARTHUR JOHNSTON
BY _____ DEPUTY

| United States of America | ) | |
| v. | ) | |
| LE TONYEO JUJUAN WATSON and | ) | Case No.   1:26-mj- 18-BWR |
| MONTARIOUS TERRELL BUCK | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  February 19, 2026  in the county of  Jackson  in the

Southern  District of  MS, Southern Division , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:

See Affidavit, which is attached hereto and incorporated by reference herein.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Adam Slover, Task Force Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  2/19/2026

_____
*Judge's signature*

City and state:          Gulfport, Mississippi

Bradley W. Rath, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

STATE OF MISSISSIPPI,

COUNTY OF JACKSON

### A. Background and Experience of Officer

1. Affiant, Adam Slover, is employed with the Gautier Police Department and is assigned to the Federal Bureau of Investigation Safe Street's Task Force and as such is empowered under Title 21, United States Code, Section 878, to enforce Title 21 and Title 18 and other criminal laws of the United States. In that capacity, Task Force Officer (TFO) Slover has participated in and has conducted investigations of individuals who have smuggled, received, and distributed controlled substances, as well as the seizure of illegal drugs. Affiant has been involved in various types of surveillance, in the execution of search and arrest warrants, and in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances. The facts set forth herein are not all the facts discovered as a result of this investigation. Instead, they are the facts that support the existence of probable cause. In addition, the facts relayed within this affidavit are based upon my receipt and review of evidence related to the investigation and information from other law enforcement officers.

### B. Summary of Probable Cause

2. MONTARIOUS TERRELL BUCK was driving a vehicle and his passenger was LE TONYEO JUJUAN WATSON. Officers attempted to conduct a traffic stop on the vehicle. While officers were questioning BUCK, WATSON climbed into the driver's seat and drove away. While fleeing from officers he discarded multiple packages of

methamphetamine. The officer left BUCK on the side of the road to pursue WATSON. BUCK, then also fled on foot. The amount of recovered methamphetamine was distribution level amounts. Accordingly, there is probable cause to believe that BUCK and WATSON possessed with intent to distribute methamphetamine in violation of Title 21, United States Code, Section 841(a)(1).

C. **Facts and Circumstances Establishing Probable Cause**

3. On or about February 19, 2026, at approximately 0617 hours Task Force Officer Byrd who is employed by the Gautier Police Department and is on FBI Safe Streets Task Force as an interdiction officer and is deputized by the Jackson County Sheriff's Department was working highway interdiction on I-10 inside Jackson County. When he attempted to conduct a traffic stop on a silver in color Nissan Rouge with a Georgia license plate that read CJE4688 for following too closely to the vehicle in front, at a distance approximately 1 car length or less from the vehicle in front of it.

4. Officer Byrd then activated his blue lights to signal for the driver to pull over and the driver who was later identified as MONTARIOUS TERRELL BUCK and the passenger, who was later identified as LE TONYEO JUJUAN WATSON. The vehicle came to a stop near mile marker 56 in the east bound lane on I-10 in Jackson County. Officer Byrd approached the vehicle and explained the reason for the stop before asking BUCK out of the vehicle. Officer Byrd began to do a roadside interview with the driver (BUCK). BUCK advised Officer Byrd that they had been at the casinos in Biloxi all night; however, record checks showed the vehicle had gone from Mobile, Al, to Texas and back within a 24-hour time span. BUCK stated he needed to get his phone from

the vehicle; however, Byrd told him no. BUCK approached the vehicle reached inside the passenger window grabbed his phone and the vehicle fled.

5. Officer Byrd pursed the vehicle east bound while BUCK was left on the side of the road. Speeds reached speeds in excess of 100 miles per hour, as WATSON fled from law enforcement. Once Watson was on the Pascagoula River Bridge, he began to throw packages out of the driver window in order to try and destroy or prevent law enforcement from recovering the evidence. The first package hit the side of the bridge and burst on contact. 10 more packages were thrown out of the window off the bridge and into the water. Officer Byrd pursued the vehicle into Alabama where Mobile County Sheriffs Officer took over the pursuit. Mobile County conducted a pit maneuver on the vehicle successfully ending the pursuit, and was able to take WATSON into custody.

6. Officer Byrd and Jackson County Sheriffs Deputy Goff recovered methamphetamine off the Pascagoula River Bridge along with the package that busted from being thrown out of the vehicle.

7. Other Agents and FBI TFO's went to the original area of the traffic stop to try and locate BUCK, however the efforts were unsuccessful and BUCK is still at large at this time.

8. While law enforcement was trying to locate BUCK, FBI TFO Bignell got on a law enforcement boat in efforts to locate the bags thrown out by WATSON. While on the water TFO Bignell was able to locate 6 bags of presumed methamphetamine out of the water. The methamphetamine was doubled packaged inside Ziplock baggies. All

evidence would be brough back to the FBI Safe Streets Task Force building in Pascagoula Ms.

9. Once back at the FBI office one package of the methamphetamine was tested and weighed. The total package weight of only one of the bags weighed approximately 1022.6 grams and yielded a positive field test result for the presence of methamphetamine. This weight was from only one of the six bags recovered from the water and also does not include that methamphetamine recovered from the road side.

10. Based on the forgoing, your Affiant believes that probable cause exists showing that LE TONYEO JUJUAN WATSON and MONTARIOUS TERRELL BUCK violated Title 21 U.S.C. § 841(a)(1).

_____
Adam Slover, Task Force Agent
Federal Bureau of Investigation

SWORN TO AND SUBSCRIBED BEFORE ME, this the __19th__ day of February 2026.

_____
United States Magistrate Judge